UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

BRIAN KUCH,

          Plaintiff,

   v.                                                    16-CV-00056-LJV-LGF
                                                          DECISION & ORDER
PHH MORTGAGE CORPORATION,

          Defendant.

_____

On January 22, 2016, the plaintiff, Brian Kuch, commenced this action under the

Fair Debt Collections Practices Act, 15 U.S.C. § 1692 ("the FDCPA"), and the

Telephone Consumer Protection Act, 47 U.S.C. § 227 ("the TCPA").  Docket Item 1.  On

February 22, 2016, the defendant, PHH Mortgage Corporation ("PHH"), moved to

dismiss.  Docket Item 5.  In response, Kuch filed an amended complaint, asserting a

single claim under the TCPA and dropping his FDCPA claim.  Docket Item 7.  This

Court then denied PHH's motion to dismiss as moot.  Docket Item 8.

PHH moved to dismiss the amended complaint.  Docket Item 9.  On August 17,

2018, this Court denied that motion, Docket Item 26, and referred this case to United

States Magistrate Judge Leslie G. Foschio for all proceedings under 28 U.S.C. §

636(b)(1)(A) and (B), Docket Item 27.

After discovery closed, PHH moved for summary judgment on two grounds.

Docket Item 54.  First, PHH argued that Kuch could not prove an essential element of

his TCPA claim—that PHH used an automated telephone dialing system ("ATDS") to

contact Kuch—and that his claim therefore failed as a matter of law.  Docket Item 54-1

at 11-15.  Second, PHH argued that even if it had used an ATDS to call Kuch, Kuch

consented to—or PHH had a "good faith understanding" that Kuch consented to—

receiving such calls, Kuch never revoked that consent, and Kuch therefore could not

recover under the TCPA.  *Id.* at 15-21.  On March 5, 2020, Kuch responded, Docket

Item 59, and moved to strike a declaration and other evidence on which PHH relied in

support of its first argument for summary judgment, Docket Item 60.  On March 26,

2020, PHH replied in support of its motion for summary judgment, Docket Item 62, and

responded to the motion to strike, Docket Item 63; and on April 9, 2020, Kuch replied in

support of his motion to strike, Docket Item 64.

On September 1, 2021, Judge Foschio issued a combined Report and

Recommendation ("R&R") and Decision and Order ("D&O"),[1] finding that PHH's motion

for summary judgment should be granted and Kuch's motion to strike dismissed as

moot.[2]  Docket Item 66.  More specifically, Judge Foschio recommended that PHH's

motion be granted because Kuch expressly consented to receiving calls by an ATDS

and never properly revoked that consent.  *Id.* at 19-24.  Judge Foschio noted that if this

Court disagreed with that recommendation, Kuch's motion to strike would be granted in

part, *id.* at 8-15, and he recommended that PHH's motion for summary judgment on the

other grounds—that PHH did not use an ATDS and that PHH's good faith

---

[1] Judge Foschio first issued a combined R&R/D&O on August 31, 2021.  Docket Item 65.  He issued an amended R&R/D&O the next day with slight changes, but his recommendations and order remained the same.  Docket Item 66.

[2] Although the defendant's motion for summary judgment is dispositive and the plaintiff's motion to strike is non-dispositive, Judge Foschio addressed both motions in a combined R&R/D&O in the interest of clarity and judicial economy.  Docket Item 66 at 2 n.1.

understanding that Kuch consented to ADTS calls precluded recovery—be denied, *id.* at 18-19, 24-25.

On September 24, 2021, PHH filed limited objections to the R&R.   Docket Item 69.  In particular, PHH raised objections to the R&R only if this Court did not adopt Judge Foschio's recommendation to grant summary judgment on the issue of consent. *Id.* at 2-3.  Kuch neither objected to the R&R nor responded to PHH's limited objections, and the time to do so now has expired.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2); Docket Item 70.

A district court may accept, reject, or modify the findings or recommendations of a magistrate judge.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).  The court must review *de novo* those portions of a magistrate judge's recommendation to which a party objects.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).  But neither 28 U.S.C. § 636 nor Federal Rule of Civil Procedure 72 requires a district court to review the recommendation of a magistrate judge to which no objections are raised.  *See Thomas v. Arn*, 474 U.S. 140, 149-50 (1985).

Although not required to do so in light of the above, this Court nevertheless has carefully reviewed Judge Foschio's recommendation that PHH's motion for summary judgment be granted because Kuch consented to receiving calls by an ATDS and never revoked that consent.  Based on that review and the absence of any objections, the Court accepts and adopts Judge Foschio's recommendation to grant PHH's motion for summary judgment and to deny Kuch's motion to strike as moot.  PHH's limited objections to the R&R's alternative recommendations therefore are moot as well.

3

For the reasons stated above and in the R&R, the defendant's motion for summary judgment, Docket Item 54, is GRANTED; the defendant's motion to strike, Docket Item 60, is DENIED as moot; the amended complaint, Docket Item 7, is DISMISSED; and the Clerk of the Court shall close the file.


SO ORDERED.

Dated:         December 15, 2021
               Buffalo, New York


                                    /s/ Lawrence J. Vilardo
                                    LAWRENCE J. VILARDO
                                    UNITED STATES DISTRICT JUDGE